UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL MASCHMEIER,

        Plaintiff,

vs.                      Case No. 2:06-cv-426-FtM-29DNF

SHERIFF MICHAEL SCOTT,

        Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. #18) filed on April 27, 2007. Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Doc. #31) on June 4, 2007. Both parties filed depositions in support of their respective positions. Also before the Court is Defendant's Unopposed Motion to Strike Partington's Affidavit (Doc. #34) filed on June 14, 2007.

**I.**

    Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party

bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). In ruling on a motion for summary judgment, if there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003).

## II.

Viewed in the light most favorable to the plaintiff, the facts are: plaintiff Michael Maschmeier (plaintiff or Maschmeier), a former Deputy Sheriff with the Lee County Sheriff's Office (LCSO) asserts that his employment was terminated in violation of his First Amendment rights of free speech and freedom of association /

political patronage. (Doc. #4.) Plaintiff's termination stems from his support of Sheriff Scott's opponent Rod Shoap during the 2004 election and the filing of a complaint with the Election Commission against Sheriff Scott. Defendant asserts that plaintiff was terminated for violating the LCSO's computer policy while on disciplinary probation. (Doc. #18, pp. 2-3.) Additional facts are set forth below as needed.

### III.

Section 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To establish a claim under § 1983, plaintiff must allege and prove that (1) defendant deprived him of a right secured under the Constitution or federal law1, and (2) such deprivation occurred under color of state law. Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263,1277 (11th Cir. 2003); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). Plaintiff also must allege and prove an affirmative causal connection between defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001) (en banc); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995).

Under § 1983, a local government may not be held liable under a theory of *respondeat superior*, but instead may only be held

liable for the execution of an official governmental policy or custom. Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003)(citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)). Only government officers or groups who have final policymaking authority may subject the government entity to a § 1983 claim. Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1312 (11th Cir. 2006).

**IV.**

The Sheriff seeks summary judgment on four separate grounds: (1) the Sheriff is not the final policymaker for purposes of a § 1983 claim; (2) Count I for political retaliation fails to state a claim; (3) the Pickering v. Board of Educ., 391 U.S. 563 (1968) balancing test favors the Sheriff; and (4) there is no issue of material fact regarding causation. The Court need only discuss the first and second arguments.

**A.**

It has long been the rule that under § 1983 a local government entity may only be held liable for the execution of an official governmental policy or custom promulgated by someone with final policymaking authority. Campbell, 434 F.3d at 1312; Quinn, 330 F.3d at 1325. The decision maker is not always the same as the final policymaker because "final policymaking authority over a particular subject area does not vest in an official whose decisions in the area are subject to meaningful administrative

review." Quinn, 330 F.3d at 1325 (citations omitted). Meaningful administrative review has been found where there was review by a Career Service Council with the authority to order reinstatement or otherwise amend, alter, sustain or reverse the decision of the employer, Quinn, 330 F.3d at 1326, and where there was review by a Civil Service Board with power to reverse the termination decision. Scala v. City of Winter Park, 116 F.3d 1396, 1401-03 (11th Cir. 1997).

In this case, it is clear that the Sheriff was not the final policymaker.  The Civil Service Board had the legal authority to review and reverse the Sheriff's termination decision, and its decision is binding on the Sheriff.  See Fla. Laws Ch. 99-434, § 13(2).  This fact precludes the Sheriff from being the final policymaker.[1]

Plaintiff seeks to avoid this result.  Plaintiff first argues that the final policymaker issue had to have been raised as an affirmative defense, and the Sheriff's failure to do so precludes him from raising the matter in a summary judgment motion.  {Doc. #31, p. 4.)  The Court disagrees.  It has long been the law that in order to impose liability upon the government entity plaintiff has to establish that defendant was the final policymaker.  Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 636-37 (11th Cir. 1991);

---

[1]Although not controlling, the Court notes that plaintiff's counsel stipulated that the Civil Service Board was the final policy maker and not Sheriff Scott in the case of Partington v. Scott, No.: 2:06-cv-310-FtM-29DNF, cited by plaintiff.

see also <u>Templeton v. Bessemer Water Serv.</u>, 154 Fed. Appx. 759, 765 (11th Cir. 2005)(plaintiff must prove that defendant was final policymaker to establish a 1983 claim).  This is an element of the cause of action against a local government to be proven by plaintiff; the lack of such proof is not an affirmative defense.  Plaintiff next argues that the Civil Service Board is merely a "rubber stamp" for the Sheriff, and in the last ten years or so "the Civil Service Board has never overturned a Sheriff's termination of a subordinate employee."  (Doc. #31, p. 4.)  Plaintiff has cited no § 1983 case from the Eleventh Circuit which recognizes a "rubber stamp" exception to the rule where the decision maker is subject to administrative review with the legal authority to change the outcome.  The Court will assume that such an exception does exist, however, because the Eleventh Circuit has adopted such a rule in the similar context of Title VII employment discrimination cases.  <u>Stimpson v. City of Tuscaloosa</u>, 186 F.3d 1328, 1332 (11th Cir. 1999).

  Plaintiff's problem is that he points to no evidence in the record supporting the allegation that "the Civil Service Board has never overturned a Sheriff's termination of a subordinate employee."  On the contrary, the Chairman of the Civil Service Board, testified at his deposition, taken by plaintiff, that the Board had overturned the sheriff's decision on one occasion in 2006.  (Clifton Dep., p. 15.)  Furthermore, plaintiff was aware that the Civil Service Board has the power to reinstate a

-6-

terminated employee.[2]  Further, plaintiff points to no deficiency in the Civil Service appeal process, and does not claim that the Civil Service Board ratified the unconstitutional basis of the termination decision.  The Court concludes that the Sheriff was not the final policymaker for § 1983 purposes.  Therefore, summary judgment in favor of defendant is appropriate as to the § 1983 claims.

**B.**

Defendant also argues that Count I of the Amended Complaint fails to state a claim for "Retaliation for Political Activities." (Doc. #18, p. 2.)  Defendant argues that the Eleventh Circuit has "held that a sheriff may hire and fire deputy sheriffs based upon the employees' political patronage."  (Doc. #19, p. 6.)

Plaintiff counters that "defendant's reliance on Terry v. Cook, 866 F.2d 373 (11th Cir. 1989) and Cutcliffe v. Cochran, 117 F.2d 1353 (11th Cir. 1997) is misplaced."  Plaintiff asserts that the Terry Court was relying on Alabama law and that both Terry and Cutcliffe recognize that political affiliation is not a per se legitimate reason for termination. (Doc. #31, p. 9.)  Furthermore, plaintiff asserts that the Eleventh Circuit likely only declined to

---

[2]During Maschmeier's deposition, he was asked whether he was aware "of any instance in which a deputy has prevailed before the Board?" to which Maschmeier responded "I wasn't there, I don't know.  I heard that [Tim Hetz] did."  (Maschmeier pp. 117-8.)

-7-

a rehearing *en banc* in Cutcliffe because of "the then-recent enactment of Florida Statute § 30.078."[3] (Doc. #31, p. 10.)

A political patronage case is one where employment decisions is made based on political affiliation. Elrod v. Burns, 427 U.S. 347, 353 (1976). The Supreme Court has stated that the relevant inquiry to determine whether employment decisions based on political affiliation pass constitutional muster is "whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." Branti v. Finkel, 445 U.S. 507, 518 (1979).

The Eleventh Circuit applied the Elrod-Branti test in Terry, holding that a sheriff did not violate the First Amendment rights of deputy sheriffs when he discharged them for not supporting his election. The Eleventh Circuit reasoned that the "closeness and cooperation required between sheriffs and their deputies necessitates the sheriff's absolute authority over their appointment and/or retention." Terry, 866 F.2d at 377. While plaintiff is correct that Terry was based on Alabama law, the Eleventh Circuit reiterated that sentiment in Cutcliffe v. Cochran,

---

[3] FLA. STAT § 30.078 provides:

> When a newly elected or appointed sheriff assumes office, the incoming sheriff may not terminate the employment of any deputy sheriff covered by ss. 30.071-30.079 for lawful off-duty political activity or for a discriminatory reason. The incoming sheriff may replace deputy sheriffs assigned to managerial, confidential, or policymaking positions or part-time deputy sheriffs.

117 F.3d 1353, which was based on Florida law. In Cutcliffe, the Court found that Terry was controlling and affirmed the district court's grant of summary judgment for a Florida Sheriff who had selectively terminated certain deputies who had supported his opponent during the elections. Id. at 1357.

Plaintiff's argument that the likely primary reason that the Eleventh Circuit declined to grant an *en banc* rehearing in Cutcliffe is because of the then recent enactment of FLA. STAT. § 30.078 is unlikely. In a case decided six years after Cutcliffe and based on Florida law, the Eleventh Circuit reiterated its position that:

> personal loyalty to the sheriff is an appropriate requirement for the effective performance of a deputy sheriff. And if a sheriff may hire and fire deputy sheriffs on the employees' political patronage, we conclude a sheriff may promote and demote on this basis also.

Silva v. Bieluch, 351 F.3d 1045, 1047 (11th Cir. 2003). Therefore, the Court finds that this line of precedent precludes plaintiff's claim for political retaliation.

In his response to the Motion for Summary Judgment, plaintiff also argues that the termination was based on political speech under Count I. (Doc. #31, p. 8.) If that is the case, this Court would apply the expressive conduct analysis as set by the Supreme Court in Pickering v. Board of Educ., 391 U.S. 563 (1968). Courts routinely apply the Pickering balancing test when public employees claim to have been fired or demoted in retaliation for exercising

their free speech rights. See Cook v. Gwinnett County Sch. Dist., 414 F.3d 1313, 1318 (11th Cir. 2005). The balance requires determining whether the public employee's interest in exercising a constitutional right outweighs the interests of the state. Id. at 1320.

Pickering would only apply in this case if the record showed that the plaintiff's expression involved more than bare statements of support for a candidate. See Cutcliffe, 117 F.3d at 1358. For example, the Eleventh Circuit applied the Pickering analysis in Stough v. Gallagher, 967 F.2d 1523 (11th Cir. 1992), where a deputy sheriff was demoted after making several speeches on a public platform about the sheriff's election. In Stough, the deputy sheriff did not merely support the candidate by working in the election and soliciting voters, he also spoke at public forums on numerous occasions. That, the Eleventh Circuit stated, was the essence of political speech. Stough, 967 F.2d at 1529. Therefore, the court applied a Pickering analysis to properly scrutinize the retaliatory action. Id.

Unlike the plaintiff in Stough, the plaintiff did not make any public speeches or engaged in any expression that amounts to more than bare statements of support for Shoap. The Amended Complaint and the record lacks any evidence that plaintiff engaged in the very essence of political speech by speaking on a platform before an audience. Plaintiff attempts to circumvent this circuit's political patronage precedent by alleging that he walked door to

door twice, asked one question at a debate, held a sign by the side of road, and contributed $200, all in support of Shoap. (Maschmeier Dep., pp. 17-20.) These allegations, however, amount to nothing more than mere manifestations of political affiliation and Pickering is therefore inapplicable. See e.g., Cutcliffe 117 F.3d at 1358 (finding that participation in public political activity and monetary contributions without allegations that the expressions involved more than bare statements of support simply convey plaintiff's political affiliation). Finding that the termination is lawful under Terry, Cutcliffe, and Silva, the Court finds that summary judgment is appropriate as to Count I.

### C.

To the extent that plaintiff includes a "free-standing" claim based upon a violation of the Florida Constitution, the Court will exercise its discretion under 28 U.S.C. § 1367(c) and decline to exercise jurisdiction over that claim as there is no more basis for federal jurisdiction.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion for Summary Judgment (Doc. #18) is **GRANTED** as to the claims under 42 U.S.C. § 1983.

2. In the exercise of its discretion under 28 U.S.C. § 1367(c), the Court declines to exercise jurisdiction over the

Florida Constitutional claim and this portion of the case will be dismissed without prejudice.

    3. Defendant's Unopposed Motion to Strike Partington's Affidavit (Doc. #34) is **GRANTED**.

    4. The Clerk shall enter judgment accordingly, terminate all deadlines, including the Final Pretrial Conference scheduled for August 20, 2007, and close the file.

    **DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of June, 2007.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record